IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON CORBIN MAZIE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-6034 |
| | : | |
| META PLATFORMS, INC. | : | |
| *doing business as* | : | |
| FACEBOOK AND INSTAGRAM | : | |

## <u>MEMORANDUM</u>

**Judge Juan R. Sánchez**                                        **November 21, 2025**

Pro se Plaintiff Aaron Corbin Mazie brings this action against Defendant Meta Platforms, Inc. for improperly suspending and permanently deleting his Instagram and Facebook accounts without notice or appeal, causing him significant professional and financial harm. Mazie filed the Complaint in this action on October 19, 2025 and filed a motion for summary judgment the same day. On November 13, 2025, this Court dismissed Mazie's summary judgment motion as premature, noting Mazie could renew the motion after Meta had been properly served and a case management order had been entered. *See* ECF No. 12. The Court also directed that the motion be stricken from the docket because it contained financial-account information that was required to be redacted under Federal Rule of Civil Procedure 5.2(a) and Local Civil Rule 5.1.3. *Id.*

Mazie has since filed nine new motions, including a motion for reconsideration of the order dismissing his summary judgment motion (ECF No. 13), a motion to reinstate the summary judgment motion (ECF No. 17), four motions for entry of default, a default judgment, and/or final judgment (ECF Nos. 15, 22, 24, 25), a motion to compel immediate action on his default and summary judgment motions (ECF No. 23), and two motions seeking post-judgment relief after summary judgment or a default judgment has been entered (ECF Nos. 14, 16). Mazie has also

filed a request for entry of Meta's default by the Clerk of Court (ECF No. 18) and a request for clarification of the procedural posture of the case (ECF No. 20).

Because Mazie has not demonstrated Meta has been properly served with the Complaint and summons in this case, his motions for entry of default and a default judgment will be denied without prejudice. The Court will also deny Mazie's motions for reconsideration and to reinstate his summary judgment motion. Mazie may renew his summary judgment motion by re-filing the motion with the financial-account information redacted after Meta has been properly served. Because neither summary judgment nor a default judgment will be entered at this time, Mazie's motions for post-judgment relief will be denied without prejudice. Mazie's request for clarification will be granted insofar as the Court can confirm that the Complaint has not been dismissed and the case remains active and has not been closed.

Obtaining a default judgment is a two-step process. Under Federal Rule of Civil Procedure 55(a), a plaintiff must first seek entry of an opposing party's default by the Clerk of Court before moving for a default judgment under Rule 55(b). *See Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) ("[E]ntry of default by the Clerk under [Rule] 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)."). "Entry of default is a ministerial function." *Handle v. Postmaster Gen.*, 806 F. App'x 95, 99 (3d Cir. 2020). If the plaintiff shows, "by affidavit or otherwise," that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," then the Clerk of Court "must enter the party's default." Fed. R. Civ. P. 55(a). To obtain entry of a defendant's default, the plaintiff must also show the defendant was properly served. *See, e.g.*, *Dougherty v. Dupes*, No. 1:17-CV-01541, 2018 WL 1696651, at *13 (M.D. Pa. Apr. 6, 2018) ("Default cannot be entered where there was insufficient service of process." (quoting *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36

(D.D.C. 2009)); *Carroll v. Stettler*, No. 10-2262, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012) ("Proper entry of default requires that 1) the party be properly served and 2) the served party does not timely respond."). Once default has been entered, the plaintiff "must apply to the court for a default judgment," except that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," then a default judgment can be sought from the Clerk of Court. Fed. R. Civ. P. 55(b). "[A] default judgment cannot be entered on a complaint that has not been validly served." *Smith v. Rebstock*, 477 F. App'x 884, 885 (3d Cir. 2012); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) (holding it would be "error as a matter of law" for a district court to enter a default judgment against a defendant that was never served); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.").

Mazie asserts Meta "was properly served with the summons and complaint on October 28, 2025, as shown in the affidavit of service previously filed with this Court." ECF No. 18 at 1; *see also* ECF No. 15 at 2 ("Plaintiff personally served Defendant Meta Platforms, Inc. on October 28, 2025, as evidenced by the affidavit of service previously filed."). Contrary to Mazie's assertion, however, no affidavit of service has been filed on the docket in this case, as is required by Federal Rule of Civil Procedure 4(*l*). *See* Fed. R. Civ. P. 4(*l*)(1) ("Unless service is waived, proof of service mut be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). The only proof that Mazie has attempted to serve Meta is a copy of an email attached to his Complaint. *See* ECF No. 1 at 9. The email appears to show that Mazie sent a copy of the Complaint to Meta's corporate headquarters in California via "Mailform," a service that allows users to print and mail documents by "FedEx Standard

Overnight, USPS Priority, Express & First Class Mail." *Id.* The email confirmation lists an estimated delivery date of October 27, 2025, but does not specify how the Complaint was sent to Meta. *Id.* The confirmation is not an affidavit and falls short of showing Meta was properly served.

The requirements for service are set forth in Federal Rule of Civil Procedure 4. Rule 4(c)(1) requires that "[a] summons must be served with a copy of the complaint." The Rule also specifies "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). A corporation may be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(h)(1)(A), (e)(1), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h)(1)(B).

Under Pennsylvania law, a corporation or similar entity may be served by handing a copy of the summons and complaint to:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. An out-of-state corporation may also be served by mail using "any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403, 404(2); *see also Douglas v. Wal-Mart Stores, Inc.*, No. 05-152, 2005 WL 589626, at *1 n.1 (E.D.

Pa. Mar. 10, 2005) ("Certified mail, return receipt requested, is a proper method of service on an out-of-state corporation under Pennsylvania law.").  Service by this method "is complete upon delivery of the mail."  Pa. R. Civ. P. 403.[1]  "Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant."  Pa. R. Civ. P. 405(c).

Under California law, a corporation may be served by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process . . . [,] [or] . . . [t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."  Cal. Civ. Proc. Code § 416.10(a), (b).  California law also "allows these persons to be served by substitute service pursuant to California Civil Procedure Code section 415.20."  *Bond v. GHP Mgmt. Corp.*, No. 2:24-cv-00826-MCS-AGR, 2024 WL 4404991, at *2 (C.D. Cal. Aug. 26, 2024); *see also* Cal. Civ. Proc. Code § 415.20(a).  Section 415.20 permits service by

> leaving a copy of the summons and complaint during usual office hours in [the person's] office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(a).  To serve a California corporation by mail, a plaintiff must comply with California Civil Procedure Code § 415.30, which requires mailing a copy of the

---

[1] Pennsylvania Rule 403 also provides that "[i]f the mail is returned with notation by the postal service that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon."  Pa. R. Civ. P. 403(1).  Such service will be deemed complete "if the mail is not returned to the sender within fifteen days after mailing. *Id.* But "[i]f the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means."  Pa. R. Civ. P. 403(2).

summons and complaint, "by first-class mail or airmail, postage prepaid[,] to the person to be served, together with two copies of the notice and acknowledgement provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code § 415.30(a). Importantly, service by mail under § 415.30 "is not complete until a written acknowledgement of receipt of summons is executed" by the person served. *Wright v. Sierra Club*, No. 2:22-cv-01719-RJC, 2024 WL 3029175, at *4 (W.D. Pa. June 17, 2024); *see also* Cal. Civ. Proc. Code § 415.30(c).

Mazie has not provided proof that Meta has been served in accordance with the foregoing requirements. First, although Mazie appears to have sent the Complaint to Meta on or about October 19, 2025, via one of the services available through "Mailform," there is no indication Meta was ever served with a summons, as required by Federal Rule of Civil Procedure 4(c)(1). The summons was not issued until October 28, 2025, *see* ECF No. 6, and nothing on the docket suggests the summons was sent to Meta by any means. Second, while Mazie may have sent a copy of the Complaint to Meta, he has not shown he complied with the requirements for service by mail under either Pennsylvania or California law. Mazie has not provided proof that the Complaint and summons were sent to Meta by a "form of mail requiring a receipt signed by the defendant or his authorized agent," Pa. R. Civ. P. 403, nor has he provided the Court with the signed return receipt, *see* Pa. R. Civ. P. 405(c). Mazie also has not demonstrated the Complaint and summons were accompanied by the notice and acknowledgment required by California Civil Procedure Code § 415.30(b) or that the acknowledgement has been executed. Because Mazie has not shown Meta has been properly served, his request for entry of Meta's default and motions for entry of default, a default judgment, and/or final judgment will be denied without prejudice. Under Federal Rule

of Civil Procedure 4(m), Mazie must serve Meta within 90 days after the filing of the Complaint, but he may seek an extension of time, if necessary.

The Court will also deny Mazie's motions for reconsideration and to reinstate his summary judgment motion. As this Court previously recognized, Federal Rule of Civil Procedure 56 allows a party to file a summary judgment motion "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). But the Court has discretion to regulate the timing of such motions to fit the needs of the case. *See* Fed. R. Civ. P. 56(b) advisory committee's note to 2010 amendment (noting "in many cases the motion [for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had"); *Kendall v. EQT AMD LLC*, No. 21-1491, 2021 WL 5866597, at *1 (M.D. Pa. Dec. 10, 2021) (recognizing a court has discretion whether to dismiss as premature a plaintiff's summary judgment motion filed before the defendant has answered the complaint). Because Meta has not yet been properly served with the summons and Complaint, it has no obligation to respond to Mazie's summary judgment motion. As such, the motion is premature at this time. And while Mazie claims the dismissal of the motion will prejudice him by delaying resolution of this case, the case cannot proceed until Meta is properly served. Mazie is free to renew his motion—with the financial-account information redacted—after service has been accomplished.

Finally, Mazie seeks post-judgment relief with respect to a separate case pending against Meta in the U.S. District Court for the District of Columbia. These motions seek relief after summary judgment or a default judgment has been entered. Because neither form of relief will be granted at this time, Mazie's motions for post-judgment relief are denied without prejudice.

An appropriate order follows.

7

BY THE COURT:


<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, J.